# UNITED STATE DISTRICT COURT
## EASTERN DISTRICT of LOUISIANA

VIRGIL SMITH                        CIVIL ACTION/NO.

Vs.                                 SECTION:.

DARRYL VANNOY, WARDEN               MAGISTRATE.


## MEMORANDUM IN SUPPORT OF HABEAS CORPUS RELIEF

MAY IT PLEASE THE COURT:


## INTRODUCTION

The Petitioner, Virgil Smith, A Louisiana Prisoner #99717, seeks habeas corpus Relief under U.S.C. § 2254, He challenges his ~~for~~ Conviction for 1st Degree Murder.

X

Since petitioner was came off of his direct Appeal from All the lower State court, he has discovered new evidence that could not have been discovered through the exercise of due diligence. This new evidence prover:

(1.) that the State knowingly introdued fales testimony to the jury through the testimony of every one used in this trial... Too, Add Your petitioner to it's time line, that prove by this NEW evidence,

(2) that the State withheld material exculpatory and impeachment evidance from the defence And the jury, And (3) that the State's continuous imprisonment of petitioner violates his Eight And Fourteenth Amendment Rights. The collective effect of this new evidence of the underlying claims, "viewed in light of the evidence As A whole" establish by clear and convincing evidence that,

(2)

but for constitutional error[s], no rea-
sonable factfinder would have found Applicant
guilty of the underlying offense.

See 28 U.S.C. § 2244 (b)(2)(B). These claims
were not previously raised in petitioner's
Direct Appeal, because it is new to him
And A hearing As to this new evidence
was never held by none of the Lower
Court's, As to the facts within the records.
But now by way of this habeas petition
he seek, to prove he did not kill his
(FRIEND).

In the instant case, the jury convic'ed
petitioner based on the State's misleading
information, introduction of the false testi-
mony of it's witness's that truly
didn't know a thing. (The Facts),
Where none of the witness said that he was
the one that killed Chanda, As the state
intented it to look.

3.

The State case was never proved as intented... That your petitioner was the one that killed her... But as you would see by way of the new evidence that was found afther his trial... This evidence could not have been found without the exercise of Due Diligence. This phone record, and slidell police report is clear facts, that your petitioner didn't do this to his friend and came back to prove this... But only to end-up in prison for a crime he did not do.

The testimony of the victam sistere even made clear see did not belive I killed here sistere. This is why Petitioner.. Challenge his 2008 conviction by way of habeas corpus Relief under U.S.C.

4.

§ 2254. for 1st Degree Murder.[1]

◇

THE NEWLY DISCOVERED EVIDNENCE COUID NOT HAVE BEEN DISCOVERED WITHOUt THE EXERCISE OF DUE DILIGENCE

Relating To Victum

Petitioner's Claim 4 or 5, is A Showing As to A time Line of the victums Last days with us.

_____

[1] Petitioner was convicted on _/_/_, And on _/_/_, he was sentence to life At hard Labor without the benefit of parole, probation, or suspension of Sentence. State of Louisiana v. Virgil Smith. Case No. 394-349 Section "H", or "F", 22ND J.D.C. Of St. Tammany Parish.

(5.)

ON 3/12/01, there was a supplement by the Slidell Police Department four days before the victim was found in her home on or About 3/16/01.

This Police Report make a showing that

1.) A key not to the victims home...
But for a lady that she was with, by the name of Ms. Baradell...
The key, was for her brother's car; That was being use by his girlfriend Nicole... That was in a sexual relation-ship with one of her, (Chandas) lover's, (Jonathan).

2.) Chanda and the man that the state A.D.A. said she was to marry, was the same one that attacked her, And Jonathan, with a screwdriver...

6

On the same day. 3/12/01 lover number: (#2) Dominic Feraci was charge by Chanda for bracking into her home, what a screwdriver... The same one used at his trial. (See Petitioner's Exhibit (6-A))

When looking just at the police report the state claim that Petitioner had taken a key from her (Chanda), was just to under-mind the jury, and the appeal courts, with a record of fabicated information as to the roll; that Petitioner played in the case that was made up on him. The state had known that Chanda, was having problems / or creating the problems... Petitioner send a copy of this police report from Slidell, and

And her phone Record, **that** is Clear Proof; That At / or the Same day 3/12/01 She had not Call /or taken A call...

This is not to over look that not until her mother, And other love ones, found her in her home on the 3/15-or- 16 / 2001...

This is A time line, that show that no one Know how or when Chanda died or was killed, or by who... This statement was made by Dr. DeFatta (coroner) ( see Tr.p.824: 1-8) Also (Tr.p.828).. Claim 3-And 4. Of Post Conviction.

(8.)

May it be noted that Petitioner
is not the (the), one that killed
Chandra, And if he would have had
the Slidell police Report of 3/12/01
it would have change the outcome of
this trial.

Your Petitioner, have not the power
As this Hon. Court to give him-self
A hearing As to the new evidence that
Couldn't be barred... (For it have never
been hard).

It is no more then Right that Petitioner
get to have this court hear his claims

(9)

This new Evidence cannot be barred for the evidence is new to him and was never seen by the jury....

On finding this newly Discovered Evidence in his counsel's records... Petitioner filed his 1st. Post-Conviction, that now Reveal evidence that could free him... And this post conviction had been in the 22nd J.D.C. of St. Tammany Parish in Covington sence 2015. Where it was not sent before the Judge until 2018, (See Exhibits #5 of Letter ). This Delay maybe the reason for the Writs Being Denied in the 1st Circuit Court of Appeal Case No. 2017-KW-1488, and the Supreme Court Case No. 2018-KH-524 ... Barring his Claims.

(10)

Because of the misunderstanding of the Court error in filings the petitioner, is being deprive of his rights. under the Constitution.

The Petitioner ask this Hon court to consider this writ in this matter, And A federal evidentiary hearing is necessary; for the claims herein make Note that: (28 U.S.C.§ 2254 (e)(2)(A)(1) in part state: OR the claim Relies on factual basis that could not have been previously discovered by exercise of do diligence,

The Above date, And time is clear, Also the information herein.

2254 (6)(7)(8)(e)(f): Would All Aply to the Petitioner factual claims, And the burden Should rest on the state

(12)

to prove Petitioners claims to be
meritless

Petitioner now show that All his claims
was exhaust in ever State court, that
have been prove by court Records /
dates, And descriptions.

The facts is on the face of the Records,
that Petitioner have proved his claim
of have exhausted State court Reme-
edies.

Nor have the State D.A. office filed
An Answer to Petitioner Post-Conviction
that should have been done ... And
this may have been done because of
te courts late filing of Your Petitioners
Post-conviction

( 12 )

This is one more Reason Petitioners writ should be Granted an hearing As to the merits of the New Evidence

The State Court have prejudice So bad that it have deprove him of a fair review of his claim on Post Conviction.

This Hon. Court have Rest upon your Petitioner All this burden... Because the State Courts have intentually mislead ever Court, by way of giving misleading information... that lead to an error (of) judgment [2].

When Looking At 28 U.S.C. 2254 (2) Prejudice is Shown:

---

Note: 2. The Court made claim it had never got Petitioner Post Conviction for over (2) Two years And made A ruling on it in lest then two years. (see Letters from the Court. (Ex. #5   )

(13)

(2) that the factfinding procedure employed by the State court was not Adequate to Afford A full And fair hearing:

Because of the State juggling the Records, it lead to Your petitioner being Subjected Under the 1.03 Selected provision of the United State Constitution, Amendment XIV (1868) § 1, note in Part;

No State shall make <u>or</u> enforce Any Law which Shall Abridge the privileges <u>or</u> immunities of citizens of the United State <u>NOR</u> <u>shall Any State deprive Any</u> <u>Person life Liberty, or property, without</u> <u>due process of the law</u>: <u>NOR deny to Any</u> <u>person within it's jurisdiction the equal</u> <u>protection of the laws.</u>

The Petitioner was never gave equal protection of the law; Because the State misuse of the Petitioner Appeals,

15

to the 1st Cir. Court of appeal, and this should have been done. This Request is being made because of 28 U.S.C. § 2254 (7)(8)

It is true that the burden shall rest upon the applicant to establish by convincing evidence, that the factual determination by the State court was erroneous.

[Petitioner have prove his claim herein and should be granted consideration by this Hon. Court Recommendation] Also the Petitioner Sentence and conviction be Reverse because of his heeving prejudice by the State, in the prove matter. And vacated.

## II. Two (2) FEDERAL HABEAS PETITION

In This Hon. Court, on Nov. 28, 2018, Sending Petitioner an 2254 writ of Habeas Corpus Petition for filing into this court along with,

16.

A form pamperis Application... Upon my motion for extension of time, that was filed on 11/15/18.
I still have not my eye gless and have paw and seeing lights before my eyes... So I can writ only so long. The Doc. here say I've eight (8) weeks, and I have six or 5, more weeks to go.
This is why I'm asking that you work with your petitioner.

Petitioner asks this How Court to make note that: The newly discovered evidence relating on his counsels file Mr. Manary and William Alford.
This information couldn't have been discovered without the State D.A.'s office, giving him, their files; (That would've reveiled the truth.
Therefore, the new evidence could not have been discovered (couldn't have been Reveiled

17.

without him.) And the exercise of due diligence. See 28 U.S.C. § 2244 (d) (2) (B) (1).

———————— ◇ ————————

THE NEWLY DISCOVERED EVIDENCE ESTAISHES BY CLEAR AND CONVINCING EVIDENCE THAT, HAD THE STATE NOT COMMITTED THE CONSTITUTIONAL ERRORS. NO REASONABLE JURY WOULD HAVE FOUND PETITIONER GUILTY OF THE UNDERLYING OFFENSE

Petitioner was convicted of 1st Degree murder. See La. Rev Stat. 14:30 . The jury based its verdict on the false testimony on information that came from a slidell Police report. That gave note of A key being taken from someone that was not the victim, And the state Known this fact.

18.

This information was not disclosed to Petitioner or the jury.

Neither the jury nor Petitioner had knew that this record was in the files of his counsel or the state.

A record that holds the threatened, /or threats that was made to Chanda and the lady that was with her. Threats to kill her the way that she was found in her home ... The state and Smiths' counsels had this in for mation, that the court wouldn't request the state or counsels to give to Petitioner when he requested, this information, (State and Counsels' Records) ... That would have freed Petitioner from being convict of a crime that he hadn't done

19

And the records was never gave to him ... A review of the records that the jury had never seen is A clear showing that the state only intention was to convict me of this crime ... Knowing I was not the killer.

I make a claim that shouldn't be barred for, this new evidence should have been see by the jury, And gave to Petitioner on the days of his teral that could have change the out-come of the jurd verdice.

Your Petitioner only ask this court to give him An evidencemary hearing As to the new evidence, that have

20.

Never been, seen or reveiwed
As to the facts there in ... An
This courts could give him that
**hearing** And he pray this for
All of the Reasons herein.
I cannot say that the action was
not intentional ...
Just looking At the state knowingly
use of **falsh** evidence And testimonys
to get A conviction is Reason for
A new hearing As to this new
evidence.

Not to over-look:
The State forcing its witnesses to
lie to a jury is An Affront to the
American Criminal Justice System.
The State's Action violates the petitioner's
Right to due process and his fundamental
Right to A fair trial. It is well-establi-
shed

21

that a conviction obtained by the use of known perjured testimony cannot stand mooney v. Holohan, 294 U.S. 103 (1935). This principle also applies to case in which the prosecutor "although not soliciting false evidence, Allows it to go uncorrected when it Appears," Napue V. Illinois, 360 U.S. 264, 269, (1959). Due process is also violated when the state withheld material evidence from the defense that is either exculpatory or impeachment evidence. Bendy v. Maryland, 373 U.S. 83 (1963), and its progeny. Without the state use of false testimonies, the state did not have a case against the petitioner. The jury relied of their knowingly introduced false testimony to convict petitioner.

22.

The State's theory At trial was that of everything but the facts. Not one of the people in this slidell police report testified to the problems that thay, And the victim had with them or this key that was taken from this lady that was with Chanda on march 12, 2001. The state clearly had their Address's And Phone number... And could've had them called to trial for testimony. This Hon. Court have the power to hear And Reveiw this document And A time/or see the time line to her (Chanda's) Phone Records, and this police Report

23.

Your Petitioner have prove by clear and convincing evidence that, had the state not violated petitioner's constitutional Rights; that is: (1) Knowingly introduced false testimony and withheld from the defense and the jury material evidence, There would have been no way a Reasonable jury would have found petitioner guilty of the murder charge. See 28 U.S.C. § 2244(b)(2)(B)(ii).

The State's Knowingly introduction of false testimonys and suppression of exculatory and impeachment evidence undermines convinces in the jury's verdict

By way of many document now found by your Petitioner he can prove his claims.

24.

I now put my hope in this
Hon. Court, And the Judgement
of the Judge's that judge from
their Sets!

To give me the Rightful oppertunty
Prove my claim...

Furthermore, the newly discovered evidence,
As whole, would have caused the jury to dis-
credit the prosecution entire case.

Further Petitioner's post-conviction claims 1,2,
And 3, make note that his may never deen in-
dicted By the grand jury... And wish time to
prove it, by way of A hearing.

25

◇

## CONCLUSION

The petitioner, Virgil Smith, has proven that the newly discovered evidence revealed that this police report and or/ exhibit's that he have submitted could not have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244 (b) (2) (B) (i). Petitioner has also prove that newly discovered evidence revealed that petitioner could not have killed Chanda... nor could the testimony of none of the state witness's put him as her killer...

May it be noted:

The collective effect of the newly dis- covered evidence prove by clear and con-

25.

Vincing evidence that, but from constitutional error [Perjury, Brady, And Innocence claim]. No Reasonable factfinder would have found the Applicant guilty of the underlying offense. See 28. U.S.C. § 2244 (b)(2) (B) (ii).

Therefore, petitioner is entitled to habeas Corpus Relief... And pray this court give him A counsel to help him prove his claim's

Let it be noted that all objection to hearsay evidence was made before the judge, that made note of petitioner's motion to be continuence for the duration of the trial, And one of the key reasons petitioner seeing on going objection is in the case of some unconstitutional violation is made with or without counsels to object to the questioning of the prosecutor, as to the introducing of hearsay of many of the state witnesses / which was presented at trial.

To be note:

Federal Rules of Evidence (FRE) 801 (c) defines hearsay as a statement that:

1. the declarant does not make while testifying at the current trial or hearing; and

2. A party offer in evidence to prove the trial of the matter asserted in the statement.

27.

F.R.E., makes clear that, unless an exception exists, hearsay is inadmissible in criminal trial.

Louisiana Code of Evidence and Louisiana jurisprudence which holds that the introduction of this inadmissible evidence requires a reversal unless its admission is harmless. The reviewing court must consider whether the improperly admitted hearsay contributed to the verdict. Only if it is determined beyond a reasonable doubt, that it did not, then the admission of the hearsay may be deemed harmless.[1]

Factors to be considered in making this determination include: (1) the importance of the witness testimony; (2) the cumulative nature of the testimony; (3) the existence of corroborating or contradictory evidence regarding the major points of the testimony; (4) the extent of cross-examination permitted; and (5) the overall strength of the state's case.[2]

[1] State v. Willie, 559 So. 2d 1321 (La. 1990); State v. Walters, 514 So. 2d 257 (La. App 5 Cir. 1987).

[2] State v. Balsar, 625 So. 2d 664 (La. App. 5 Cir. 1993). (See also Crawford v. Washington, 124 S.Ct. 1354, 541 U.S. 36) (u Swash 2004)

28.

The case against petitioner was built upon perjured testimony, and documents that was found in the new evidence found in the slidell police report and a police report/ (statement gave to police by a lady that was with the victim the same day of the police report. Making claim of some car keys being taken... Not from the victim but this lady that was with her.

The petitioner never had a chance to coss-examinated none of the people that made statements, because he had not known none of them or about the state-ment until the trial was over

Respectfully Submitted

By. Virgil Smith

Virgil Smith #89717
Camp C. Jag 2/L C/6
L.S.P.
Angola, La., 70712

29.

〈9.〉〈d.〉

oNly two Assignments of error.
See Below:

1. The evidence presented At trial is
Constitutionally insufficient to Support
the verdict.


2. The trial judge erred in permitting two
friends to the deceased to testify to hearsay
Statements Allegedly made by the victim
pursuant to Louisiana Code of Evidence Article
803(3).