EXHIBIT 5

## Claim ONE

The Court ERRED when it Denied Defendant's Motion To QUASH

## Claim Two

The Petitioner was Denied His 4th 5th, And 14th Amendment Right to "Due Process" When The State Presented FAlse Information to Deprive The Defendant of His Right To A FAIR TRIAL

## Claim Three

The claims herein is to be consolidated: The court, State, And counsels did violated the defendant's Right to due process, under the constitution of 1974, And the Fed. Const. In violation of the 5th, 6th, And 14th Amendment subjecting Smith to A wrongful conviction and sentence by way of An unfair trial.

⟨ PAGE 1.⟩

## Claim Four

Claim of misleading the witnesses the State/ did violate defendants Right to due process of the Law

## Claim Five

The Court err in allowing the State to Amend the Indictment and helping the State to constructively amend the indictment by way of the jury instruction

## Claim Six

### Newly Discovered Evidence

The State use An Slidell Police Report To violate All of the Defendant's Right to Due Process of The Law, and also to Convict An Innocent man.

### Claim Seven

The State use Date and word Play to get A witness To lie, on Stand in Hope of Getting An unconstitutional conviction, when he Know That He was To Seek Truth. Thus Made Him Inefective As An officer of the court.

⟨ Page 2 ⟩

## Claim Eight

The State made Claim That The Victim
WAS RapE. To InFlame The Jury.
Subjected Defendant to Due Presess
Violations under The CONST.., State,
FED.. OR And U.S.

## Claim NINE

Claim of Lab Testing

and what you expect you will continue to receive.   *NO MORE he hAVe pAst.*

4. Do you have any cash or checking or savings accounts?   [ ] Yes   [ ] No

   If "Yes," state the total amount _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   [ ] Yes   [ ] No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. *NO one At this time*

   | Name | Relationship | Amount Contributed for Support |
   |------|--------------|-------------------------------|

I declare under penalty of perjury that the above information is true and correct.

_____ _____
   **Date**                    **Signature of Applicant**

.................................................................................................................................................

## STATEMENT OF ACCOUNT
### (Certified Institutional Equivalent)   *89717*

   I hereby certify that this inmate, *Virgil Smith # 89717*, has a present inmate account balance of $ *0* at the *LSP* institution. I further certify that the average monthly deposits for the preceding six months is   $ *0*

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing the total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is divided by six).*

   I further certify that the average monthly balance for the prior six months is   *$ 0*

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six prior months. The balance from each of the six months are to be added together and the total is to be divided by six).*

_____   **DATE**                    *Saundra Rosso*
   **Date Certified**      *NOV 2 6 2018*              **Authorized Officer of Institution**

                          **CERTIFIED**

# UNITED STATES DISTRICT COURT
### Eastern District of Louisiana

_VIRGIL SMITH_

**Plaintiff**

V.

_____

**Defendant**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**CASE NUMBER:**

I, _Virgil Smith_ , declare that I am the (check the appropriate box)
[ ✔ ] Petitioner/plaintiff/movant        [  ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?     [ ✔ ] Yes        [  ] No        (If "No, go to Part 2)

   If "Yes," state the place of your incarceration _LA. State Penitentiary, Angola_ Are you employed at the institution? _NO_ Do you receive any payment from the institution? _NO_

   Have the institution certify the Statement of Account portion of this affidavit or attach a certified ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?     [  ] Yes        [ ✔ ] No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer if "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment     [  ] Yes     [ ✔ ] No
   b. Rent payments, interest or dividends               [  ] Yes     [ ✔ ] No
   c. Pensions, annuities or life insurance payments     [  ] Yes     [ ✔ ] No
   d. Disability or workers compensation payments        [  ] Yes     [ ✔ ] No
   e. Gifts or inheritances                             [ ✔ ] Yes     [  ] No
   f. Any other sources                                 [  ] Yes     [ ✔ ] No

If the answer to any of the above is "Yes," describe each source of money and state the amount received

_Brother $50.00 that was it_





*Melissa R. Henry*

**CLERK OF COURT**
22nd Judicial District Court
Parish of St. Tammany

P.O. Box 1090 · Covington LA 70434 · (985) 809-8700

August 28, 2017

VIRGIL SMITH, #89717
LOUISIANA STATE PENITENTIARY
JAG 2/R C/12, CAMP C
ANGOLA, LA  70712

DIVISION F
Re:     State of La.
        Vs. #334349
        VIRGIL LORENZO SMITH

Dear Mr. Smith:

Enclose, please find a certified copy of the Order by Judge Martin E. Coady, Dismissing Application for Post-Conviction Relief from February 6, 2015 in the above captioned matter.

Yours very truly,

*Mary M. Cellison*

Deputy Clerk

STATE OF LOUISIANA

VERSUS

VIRGIL L. SMITH

FILED: *Aug 28, 2017*

NUMBER: 334349

DIVISION: F

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

*[signature]*
(DEPUTY CLERK)

## ORDER DISMISSING APPLICATION FOR POST-CONVICTION RELIEF

Petitioner was found guilty of First Degree Murder by a jury in this parish in 2009 and was sentenced to life imprisonment. Petitioner has filed several applications for post-conviction relief with this Court since his conviction and sentence were final. The petitioner filed the pending Application for Post-Conviction Relief in 2015, however for unknown reasons the application remained in the Clerk of Court's office and was not presented to this Court until now.

The Court has reviewed the Application for Post-Conviction Relief filed on February 6, 2015. After a thorough review of this pleading, the Court finds all claims in the application are without merit. The application is denied without the need for a contradictory hearing.

According, the Application for Post Conviction Relief is denied.

Covington, Louisiana, this 28 day of August, 2017.

*[signature]*
Judge Martin Coady

A TRUE COPY
D. Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VIRGIL SMITH

NO.   2017 KW 1020

SEP 0 5 2017

In Re:   Virgil Smith, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 334,349.

BEFORE:   GUIDRY, PETTIGREW, AND CRAIN, JJ.

**WRIT GRANTED.** The district court is instructed to proceed toward disposition of relator's application for postconviction relief in case number 334,349, filed February 6, 2015.

JMG
JTP
WJC

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VIRGIL SMITH

NO. 2017 KW 1488

MAR 1 5 2018

In Re:  Virgil Smith, applying for rehearing, 22nd Judicial
District Court, Parish of St. Tammany, No. 334,349.

---

BEFORE:  HIGGINBOTHAM, HOLDRIDGE, AND PENZATO, JJ.

MOTION FOR REHEARING DENIED.  An application for rehearing
will not be considered where this court denied the original writ
application. See Uniform Rules-Louisiana Courts of Appeal, Rules
2-18.7 & 4-9.

TMH
GH
AHP

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VIRGIL SMITH

NO.   2017 KW 1488

JAN 2 5 2018

In Re:   Virgil Smith, applying for supervisory writs, 22nd
Judicial District Court, Parish of St. Tammany, No.
334,349.

BEFORE:   HIGGINBOTHAM, HOLDRIDGE AND PENZATO, JJ.

**WRIT DENIED.** Relator's writ application is an untimely and
successive application for postconviction relief.  See La. Code
Crim. P. arts. 930.4 & 930.8.  Having fully litigated his claims
in accord with La. Code Crim. P. art. 930.6, hereafter, unless
he can show that one of the narrow exceptions authorizing the
filing of a successive application provided in La. Code Crim. P.
art. 930.4 applies, relator has exhausted his right to
postconviction relief.  See **State ex rel. Hines v. State**, 2015-
1652 (La. 10/10/16), 201 So.3d 898 (per curiam); see also **State
ex rel. Bonvillain v. State**, 2015-2331 (La. 3/14/16), 186 So.3d
644 (per curiam).

TMH
GH
AHP

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT



**Supreme Court**
STATE OF LOUISIANA
New Orleans

| | | |
|---|---|---|
| **CHIEF JUSTICE** | | **JOHN TARLTON OLIVIER** |
| BERNETTE J. JOHNSON | Seventh District | **CLERK OF COURT** |
| **JUSTICES** | | |
| GREG G. GUIDRY | First District | **400 Royal St., Suite 4200** |
| SCOTT J. CRICHTON | Second District | **NEW ORLEANS, LA 70130-8102** |
| JAMES T. GENOVESE | Third District | |
| MARCUS R. CLARK | Fourth District | TELEPHONE (504) 310-2300 |
| JEFFERSON D. HUGHES III | Fifth District | HOME PAGE http://www.lasc.org |
| JOHN L. WEIMER | Sixth District | |

October 22, 2018

**SENT VIA ELECTRONIC TRANSMISSION**

**PAGES SENT INCLUDING THIS COVER:** _2_

Re:  2018 - KH - 524

State of Louisiana
vs.
Virgil Smith

Attached are documents being transmitted to the inmate in the captioned case.

John Tarlton Olivier
Clerk of Court

JTO: rc
ccs: Hon. Richard A. Swartz
      Matthew Caplan Esq.
      Hon. Melissa R. Henry, Clerk
      Hon. Warren Montgomery
      Hon. Rodd Naquin, Clerk
      Court of Appeal, First Circuit, Number(s)          2017 KW 1488
      22nd Judicial District Court  Div. "C" Number(s)   334,349

Virgil Smith #89717
Louisiana State Penitentiary, Camp C Jag 2/R C/12
Angola, LA  70712



# 𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙
## STATE OF LOUISIANA
### 𝕹𝖊𝖜 𝕺𝖗𝖑𝖊𝖆𝖓𝖘

**CHIEF JUSTICE**
  BERNETTE J. JOHNSON    Seventh District

**JUSTICES**
  GREG G. GUIDRY    First District
  SCOTT J. CRICHTON    Second District
  JAMES T. GENOVESE    Third District
  MARCUS R. CLARK    Fourth District
  JEFFERSON D. HUGHES III    Fifth District
  JOHN L. WEIMER    Sixth District

**JOHN TARLTON OLIVIER**
**CLERK OF COURT**

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

April 3, 2018

Virgil Smith #89717
Louisiana State Penitentiary
Camp C Jag 2/R C/12
Angola, LA 70712

Re: 2018 - KH - 524

State of Louisiana
vs.
Virgil Smith

This is to advise that the pleadings in the above entitled matter were received and filed on 4/3/2018. The filing was metered on 3/28/2018. The case bears the above number on the Docket of this Court.

John Tarlton Olivier
Clerk of Court

JTO: dg
ccs: Hon. Richard A. Swartz
    Matthew Caplan Esq.
    Hon. Melissa R. Henry, Clerk
    Hon. Warren Montgomery
    Hon. Rodd Naquin, Clerk
    Court of Appeal, First Circuit, Number(s)    2017 KW 1488
    22nd Judicial District Court Div. "C" Number(s)    334,349

# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA                                    NO.  2018-KH-0524

VS.

VIRGIL SMITH

- - - - - - - - - -

IN RE: Virgil Smith; - Defendant;  Applying for Reconsideration of this Court's action dated May 11, 2018;  Parish of St. Tammany, 22nd Judicial District Court Div. C, No. 334,349; to the Court of Appeal,  First Circuit,  No. 2017 KW 1488;

- - - - - - - - - -

October 15, 2018

Reconsideration denied.

     BJJ

     JLW

     GGG

     MRC

     JDH

     SJC

     JTG

Supreme Court of Louisiana

Deputy  Clerk of Court
    For the Court

*EXHIBIT 5*



*Melissa R. Henry*

**CLERK OF COURT**
22ⁿᵈ Judicial District Court
Parish of St. Tammany

---

P.O. Box 1090 · Covington LA 70434 · (985) 809-8700

August 18, 2017

VIRGIL SMITH, #89717
LOUISIANA STATE PENITENTIARY
JAG 2/R C/12, CAMP C
ANGOLA, LA 70712

DIVISION F
Re:   State of La.
      Vs. #334349
      VIRGIL LORENZO SMITH

Dear Mr. Smith:

In response to your letter, in regards to your Post Conviction Relief being filed in the above captioned matter, please be advised that your relief was filed in our office on February 8, 2015 and was scanned in our office, but was not presented to Judge Coady. Mr. Smith, your Post Conviction Relief has now been sent to Judge Martin E. Coady for ruling and once ruling is made you will be notified. Our office apologizes for the delay in this matter.

Further, as to a Post Conviction Relief filed under docket #437672 on the same date as the one filed under the above capationed matter, I have searched the file and no Application for Post Conviction Releif was filed at that time. Further, Mr. Smith please be advised that a Post Conviction Relief was previously filed in docket #437672 on Augsut 2, 2011 and was ruled on by Judge Penzato on February 1, 2012 and a certified copy of ruling was sent to you on February 1, 2012.

Yours very truly,

*Mary M Pellegrin*

MARY M PELLEGRIN
Deputy Clerk

FIRST CIRCUIT COURT OF APPEAL
STATE OF LOUISIANA

DOCKET NO:

VIRGIL SMITH
Petitioner

VERSUS

DARRYL VANNOY, WARDEN
Respondent

Memorandum In Support Of Application For Supervisory Writ
From the Twenty- Second Judicial District Court In and for the
Parish of St. Tammany, State of Louisiana,

Honorable Martin E. Coady, Judge, No. 334349 "F"

MAY IT PLEASE THE COURT;

Now into court Virgil Smith herein referred to as "Petitioner," respectfully requests this court to consider this Memorandum in support of his Application for Supervisory Writ, moves for evidentiary hearing, and present Constitutional claims or forever be denied his Due-Process Rights, for the following reason to wit;

STATEMENT OF JURISDICTION

The District Court has Jurisdiction over all felony cases pursuant to Article 5, § 10 of the Louisiana Constitution of 1974.

WRIT GRANT CONSIDERATION

Virgil Smith has been aggrieved by the Due Process Violations in the ruling rendered by the District Court denying his Application for Post- Conviction Relief. The trial judge abused his discretion when he erred from estblished Louisiana Jurisprudence set-forth by the Louisiana Supreme Court in rendering the denial in this matter see: Exhibit (Trial Court's Denial of August 28, 2017). Upon making claim that for some unknown reason the petitioner's Application for Post-Conviction Relief in 2015, was never presented before this court/ or before him by the clerk of court's office. Nor did this court seek reason for this clerk Office. The court only reason for denying petitioner's Application; was because it was without merit.

A hearing should've been considered on one fact;

1) Why was not this application not presented before him in 2015.... where documents, and other exhibits removed / or extradited, by the Clerk that received petitioner's post conviction that may have lead to the court's reason for just saying : ( The court finds all claims in the Application are without merit.) See Exhibit ( 7)

This Post- Conviction should have been ruled on more then (2) two years ago.

On September 21, 2017, petitioner's Notice of Intent was filed; On September 18th, 2017 filed was his Motion for Rehearing under Art 922, and Art. 930, seeking Evidentiary Hearing. When Petitioner give written reason why should be given an Evidentiary Hearing that would make a clear showing as to his claim in according to all exhibits, stated in his Post- Conviction.

There was no reply to m petitioner's post convictions until, he filed into this Honorable First Circuit Court of Appeal; Two writs of Mandamus.... In Doc # 2017- KW-1020, and # 2017-KW-1023 seeking that the state make ruling in case # 437672, and State court Doc # 334349. Notice of Writ filled in bout matters was July 24, 2017.

This Honorable Court on it's Notice of Judgment and Disposition made on; September 5, 2017, where it denied writ in case number 437, 672... where the State court made claim of not receiving an Post Conviction, that was filed in 2015. ( See: Exhibit (1))

Also in Docket Number: 2017-KW-1020, of this courts judgment and Disposition, writ was granted, in case number 334, 349, 2015 on or about February 6. See Exhibit (A).

Petitioner make not that state court made claim that it had not received the post- conviction that was filed at the same time of state Docket No: 334349. (1) This was the reason for the filing in bout case to seek a Writ of Mandamus on his two post-conviction," that was filed at the same time. Note: Exhibit (9).

This delay warrant an hearing – If no more then to prove that all of the Petitioners exhibits, and all other documents that would have prove all claims therein:

APPLICABLE LAW AND STATUES:

Petitioner is proceeding (Pro se ) on his First Application LSA- C.Cr.P., Art 924 -926. Citing State v. Greco, App. 4 Cir. 2083, 862 So.2d 1152; State v. Readoux, App. 3 Cir. 1993, 614 So.2d 175; holding:

---

Note (1.) See Petitioner's exhibit that make showing of the two post-convictions being given to the classification office that sign for on 1 /13/15 bout post was taken on the same day, and mailed out on about 2/ 31/ 15." An evidentiary hearing is necessary, if the claims raised establishes facts or put certain facts previously raised in question as to his guilt or innocence.

Article 929. summary disposition Subsection (3) holds that: for good cause, oral disposition of Mr. Smith and witnesses may be taken under conditions specified by the court. The court may authorize request for admissions of fact and of genuineness of documents. In such matters, the court shall be guided by the Code of Civil Procedures. Citing, State ex rel. Cherry v. Cormier, Supp. 1996, 680 So.2d 1168; State v. Costillo, App. 1 Cir. 1984 448 So.2d. 238, Article 930.4 (D), (E) and (F) citing State v. Biagas, App. 4 Cir. 2000, 754 So.2d. 1111, 1999 – 2652. Because there is actual evidence that is being presented that reflects upon the correctness of Mr. Smith's conviction. Citing In Re Winship, 397 U.S. 358, 372, S.Ct. 1068, 1076, 25 L.Ed.2d 368 (1970); Sullivan v. Louisiana, 508 U.S. 275, 278 (1993).

## CONSTITUTIONAL GROUNDS

Article 1 § 13, of the Louisiana Constitution requires that the Petitioner be allowed counsel o choice (qualified) court appointed counsel and being advised fully of the nature and cause of the accusations against him. The Sixth Amendment to the U.S. Constitution guarantees Petitioner the right to effective assistance of counsel for his defense. The standard precedent of this right by the court is Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (2) two-pronged test of counsel's "competence" and "performance" of his representation of his client. Nealy v. Cabana, 764 F.2d 1173 (5ᵗʰ Cir. 1985), used by the court's requesting certain duties of defense counsel, to do some type of "investigation" in his client's behalf: Article 1 § 2, of the Louisiana Constitutional Due Process Clause, is consistent with the guarantee announced in the 14ᵗʰ Amendment of the United States Constitution. Standard precedent used by the court in In Re Winship, supra, varying for the instant case dealing with evidence in the following jurisprudence.

## STATEMENT OF THE CASE

I.    Procedural History

Petitioner, Virgil Smith, was charge by way of indictment under case no:#334349 with one count of 1ˢᵗ Degree Murder – 14:30. Applicant was indicted by the Grand Jury on June 1, 2001, and arraigned on June 13, 2001 to a bill of information and found not guilty.

Prior to the commencement of trial, the State of Louisiana amended the indictment to reflect the date of March 10, 2001, defendant objections was made to this amended indictment, on July 21, 2008.

On July 7, 2008, the defendant went before a (12) person jury and was found guilty and sentenced to life.

Subsequent to his conviction and sentence, the Petitioner filed Motion for Post Verdict Judgment of Acquittal and for a New Trial pursuant to La. C.Cr.P. Art. 851. The trial court denied motion without a hearing on 10/8/2008 and the defendant.

The State records and if he (Petitioner) can prove that the State (D.A.s) use fact evidence, of evidence that he created, out of problems the victim, had with people the State claimed was near, and dear, to the victim.

Petitioner prays this Honorable Court not all a man that need only one day to prove his claim of innocence, or forever be doom to his prison without appeal.

Was sentenced to serve Life with the Department of Correction. Motion for Appeal was filed and granted.

On or about, _date is not clear_, the Louisiana Appellant Project, filed an appeal for the Defendant was . . . Mr. Frank Sloan, into this Louisiana Court of Appeal, First Circuit No:#2009-KA-0149.

At this time, this Honorable Court affirmed his case rendered judgment on September 11, 2009.

The evidence is favorable to the Petitioner and the State knew of the newly discovered evidence and would not give it to your Petitioner; (If Smith would've had the evidence his counsel never let him see nor would the State give to him upon request r out of good faith.)

The Court made clear in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1104, 10 L.Ed.2d 215 (1963), that suppression of favorable evidence of the accused is a violation of Due Process. This ruling is an extension of Mooney v. Holohan, 55 S.Ct. 340, 98 A.L.R. 406, where the court ruled on what nondisclosure by a prosecutor violated due process: "It is a requirement that cannot be deem to be satisfied by mere notice and hearing if a State has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of courts and jury by the presentation of testimony known to be perjured such a contrivance by a State to procure the conviction and imprisonment of the defendant was inconsistent with the or his Fourteenth Amendment right that entitles Petitioner to a new trial on the issue of guilt as well as punishment. The ruling in this matter should be reversed and the case remanded for his discharge for reasons stated herein.

Petitioner argues that the interest of justice warrants the release of Petitioner and/or rehearing of the instant claims. Based on the foregoing argument involving the violation of constitutional rights. With the jurisprudence in favor of the Petitioner, Virgil Smith.

Petitioner now prays that this Honorable Court grant his application, requesting that he be granted a new trial or the granting of an evidentiary hearing so that the records can be established to support contentions rudimentary demands of justice in the obtaining of a life by intimidation."

The possibility that some of the witnesses were intimidated by the State to get the witnesses to lie about the evidence before by way of intimidation wouldn't be something new, nor would it be now for the State to hold back evidence to obtain a conviction.

This newly found evidence would prove that this, evidence would shade doubt on the State's claim as to Smith, killing the victim. And now; with what your Petitioner have found can free him from a wrongful confinement. Once more your Petitioner say once more that he is not responsible for my friend passing. Now the questing here is; was the State in error, or prejudiced when he was denied the D.A. files and/or record by the Court.

Petitioner respectfully ask that this Honorable court, order the District Attorney in this matter to give all police reports relating to D.N.A. filed. In other words it's whole file , for inspection by the defendant with proof that he received it. The State records can also be used to establish and support his contention.

(2) Two years this post conviction sat in the hands of some clerk. This could be the reason Petitioner was not given a fair trial in 2008 and now in 2017, two years after filing. Just because of this; this court should've gave Smith an hearing upon review of the records or other Documents may no longer there. There was two post conviction in this box without an hearing none of the post can be prove: A Hearing is Warranted.

Vigil Smith # 89717<br>
Louisiana State Penitentiary<br>
Jaguar 2-Right Camp C.<br>
Angola, La 70712

**CERTIFICATE OF SERVICE**

I, Virgil Smith , do hereby certify that a true and correct copy of the above and foregoing has been served upon the District Attorney, Parish of St Tammany, by placing same in the institution's U.S. Mail depository, properly addressed and with proper, first class postage affixed, this 14th day of October, 2017.

Honorable Malise Prieto
Clerk of Court
P. O. Box 1090
Covington, La. 70434- 1090

District Attorney Office
701 Columbia St.
Covington, La. 70433

**VERIFICATION**

I, Virgil Smith , hereby verify that I have read and understand the statements made in the above and foregoing and that the statements made are true and correct to the best of my knowledge, belief, and information under the penalties of perjury.

Virgil Smith # 89717
Louisiana State Penitentiary
Jaguar 2-Right Camp C.
Angola, La 70712

Petition For Writ of Mandamus in Case 437072, 2R12 and Case Number #534549

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**OFFENDER FUNDS WITHDRAWAL REQUEST**

NAME: LAST NAME, FIRST NAME, INITIAL: Smith Yancy

DOC NUMBER: 89717

DATE OF REQUEST: MO. ___ DAY ___ YEAR ___

TOTAL AMOUNT $ ___

| CODE | DRAWING ACCOUNT | |
|---|---|---|
| 73 | Offender club | 2 photocopy to |
| 74 | Outside purchase | |
| | Family member | |
| | Educational courses | |
| | Outside bank savings acct# | |
| | Newspaper ad for clemency/pardon | |
| | Other: Court of Appeal Fifth | |
| 79 | Court Cost - Civil action number | |
| 94 | Savings Bond | |

WRITTEN AMOUNT ___ DOLLARS

PAYEE:
OFFENDER MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL

VENDOR NO. ___

NAME: General Funds
ADDRESS: L.S.P.
CITY: Angola   STATE: LA   ZIP: 70712

OFFENDER SIGNATURE: ___

REQUEST DENIED, REASON: ___

| CODE | SAVINGS ACCOUNT |
|---|---|
| 94 | Savings Bond |
| 79 | Court Cost - Civil action number |
| 82 | Educational courses |

| CODE | TRANSFERS |
|---|---|
| | - No check will be produced |
| 68T | Transfer from drawing account to savings. |

Note: Print name and address in the payee section to the right. Attach necessary documents including a stamped, self-addressed envelope for all outside mail.

RIGHT THUMB PRINT

VERIFIED BY:
TITLE: ___
APPROVED BY: ___
TITLE: ___

DXC Form PF-30     1D-A     CIR Form Revised 08-2003

22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA          DOCKET # 334349

VERSUS          DIVISION "F"

VIRGIL SMITH          PARISH OF ST. TAMMANY

FILED          DEPUTY CLERK

---

### MOTION FOR REHEARING
### UNDER ART. 922, AND ART. 930
### SEEKING EVIDENTIARY HEARING

---

Now into the court comes Virgil Smith, in the above matter, seeking rehearing on the following reasons:

**(1)**

Petitioner have never received a writen reason, court truly deprived petitioner of a hearing on the merits of his claims. Understand this court only give justifable reasons for not giving a hearing to the petitioner in this above matter.

**(2)**

The state make clear that it have seeked to deceive all of the Superior Court with this erroneous ruling.

Reason for Statement:

1. Judge Martin Coady; Sentence your Petitioner in (4) four of five post conviction that came before "him." In the Fifth or (4ᵗʰ) trial, this Judge set the stage for to help create a criminal history....And to add two more Life sentences, to the petitioners stay in prison.

This was all done with the help of an, D.A. by the name of Scott Gardner.

**(3)**

Before the petitioner make a clear showing as to why he should've received an evidentiary hearing in this claim. Petitioner make his showing by way of court records.

Petitioner intend to show that this courts ruling is malice.. And a reading of the court records would show that petitioner would never get an hearing before this judge.... That would be bias, or prejudicing your Petitioner's claim by making a judgment or opinion held in disregard of the facts that contradict it: unreasonable bias, of one that obviously have a reason to recluse himself from all of the petitioners cases. For intentionally trying to confuse the court's, and court records by way of word play.

**(4)**

Dates and times of conviction, and sentence and by what Judge? In what court! A showing would be also on the face of the record.... Where the same above stated "Judge" **Intentionally** neglect to grant Smith the relief the 1st Circuit of Appeal gave to him.... (1) This was case numbers, # 334402/ 357134.

**Note(1)**

The two above cases was sent back for resentence on or about 7/6/15 before this court, that gave him the same sentence / as if he had committed the same charge all over. "When he had not."

(5)

The evidence herein prove that newly discovered evidence can and would prove that petitioner is Factually innocent....

Petitioner make this request in the interest of justice.{ That this court gave him this Evidentiary Hearing as to the facts of his claims}

Here petitioner is entitled to an evidentiary hearing in this court.," But before this court could make any credibility determination on the facts alleged in motion and supporting exhibits obviously known about as support for post-conviction, thois court claim to have found no merits that would grant petitioner Relief, from an unjust Ruling; and any controverted " facts" found by the State/ District Court while denying request for an evidentiary hearing necessarily result from an "unreasonable determination" of fact, and hence are not entitled to any presumption of correctness, Earp Supra., at 1167; Taylor, supra, at 1101{" Where the State courts Legal error infects the fact finding process, the resulting factual determination will be an reasonable and no presumption of correctness can attach to it.}

Petitioner has made clear his intention; but need this court to understand that he, is not an officer of the court, and without power to grant himself an hearing where he could express and show this conviction was intentional for vindictive reasons...

The Petitioner is actually innocent of this claim of murder.... And can now prove it and how the State D.A. misrepresented this case, only to seek an conviction. Crazy as this may sound; But also true. In all but one case (4) four of five..... Post-Conviction have to come before you Judge Martin E. Coady, and you have denied Petitioner every stage of his filings before you Sir...

This statement need no showing for this court records along could prove this claim. How many more times would you have to review the petitioner, and note not one time had he received an hearing in one of the five unconstitutional or wrongful conviction.

Petitioner also filed a Motion to Compel and Answer from the D.A. that was never ~~answered~~ *replyed* to by the D.A.'s office. Petitioner respectfully avers , that the allegations presented herein, if established would entitle him to Post- Conviction Relief and who with respect moves this Honorable Court to require the District Attorney for the Parish of St. Tammany, State of Louisiana to file an answer in opposition within 30 days in according with State Law. See: LSA- C. Cr. P Art927 (7): (Same). State v

Felton, 522 So. 2D 6 26 (La. App. 4 cir. 3/7/88)

(THIS WAS NEVER DONE.)

And lead Petitioner to believe that the State was never ordered or never considered given a reply to this matter at hand. The herein named D.A. Scott Gardner should be compelled to give an answer....

So the state could or wouldn't have a reason to make the claim that He had never review Smith's Claim once he get on review in one of the Superior Courts. This case is now in your courtroom and could be properly reviewed on the face of the facts in the Records along....

To go to a Superior Court would be a miscarriage of justice and a waste of taxpayers. So in the interest of justice a hearing is warranted.

Petitioner only request that he be given one day for to prove his claim before an now bias court... And this can not be done without the granting of a hearing.


## RELIEF AND PRAYER

Petitioner pray that this Honorable Court apply it's Knowledge, and good judgement, in granting him a review into this above stated matter, back to the District Court with intentions to hold the evidentiary hearing. Request "in the interest of justice."And also to avoid the continual miscarriage of justice by this court, that could prove to be now prejudicial toward the petitioner.



Respectfully Submitted

Virgil Smith #89717
Camp C. Jaguar 2/Right
Louisiana State Penitentiary
Angola, La. 70712

22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

VIRGIL SMITH

DOCKET # 334349

DIVISION "F"

PARISH OF ST. TAMMANY

_____
FILED

_____
DEPUTY CLERK

MOTION FOR APPEAL
AND
DESIGNATION OF RECORD

NOW INTO COURT, comes defendant herein, Virgil Smith through undersigned, and upon suggesting to the court that the record herein shows error to his prejudice and that he is desireous to appeal his conviction and the sentence to the Hon. First Circuit Court of Appeal of the State of Louisiana.

Further, pursuant to C.Cr.P. Art 914.

1(A), The defendant respectfully designates the entire trial transcript, including the voir dire examination, the transcript of each hearing conducted herein, and all of the pleadings for inclusion in the Appelate Record.

Wherefore, he prays that he be granted an appeal to the First Circuit Court of Appeal of the State of Louisiana returnable in accordance with the Law.

_____
Virgil Smith #89717
Camp C. Jaguar 2/Right
Louisiana State Penitentiary
Angola, La. 70712



hibit (8)



*Melissa R. Henry*

**CLERK OF COURT**
22nd Judicial District Court
Parish of St. Tammany

---

P.O. Box 1090 · Covington LA 70434 · (985) 809-8700

September 26, 2017

VIRGIL SMITH, #89717
LOUISIANA STATE PENITENTIARY
CAMP C JAGUAR 2-R, #12
ANGOLA, LA  70712

                    DIVISION F
                    Re:    State of La.
                              Vs. #334349
                              VIRGIL LORENZO SMITH

Dear Mr. Smith:

Enclose, please find a certified copy of the Notice of Intent filed in the above captioned matter, which Judge Martin E. Coady has granted you until OCTOBER 15, 2017 for you to file your writ to the 1st Circuit Court of Appeal.

Further, enclose please find a certified copy of your Motion for Rehearing Under Art. 922 and Art. 930 Seeking Evidentiary Hearing, which Judge Martin E. Coady has stated on your motion "deny rehearing".

                    Yours very truly,

                    *Mary M Pellegrin*

                    MARY M PELLEGRIN
                    Deputy Clerk

22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA                          DOCKET # 334349

VERSUS                                      DIVISION "F"

VIRGIL SMITH                                PARISH OF ST. TAMMANY

FILED                                       DEPUTY CLERK

---

## NOTICE OF INTENT

MAY IT PLEASE THE COURT

Comes now, Virgil Smith, Relator hereinafter, who submits his Notice of Intent to seek Supervisory Writ of Review in the Louisiana First Circuit Court of Appeal, pursuant to URCA Rule 4-2, and Respectfully ask this court to set a return date in which to file said writ application pursuant to URCA 4-3. In support Relator would show this court the following:

On 2/6/15, Relator submitted with the 22nd Judicial District Court an Application for Post Conviction Relief and Memorandum of Law, attacking his Constitution conviction and sentence, had in that court.

On 8/25/17, the district court denied Relator's Application for Post Conviction Relief. Relator now gives Notice of Intent to seek Supervisory Writ of Review in the Louisiana First Circuit Court of Appeal and requests a return date in which to file said Writ Application, pursuant to Rules 4-2 and 4-3 URCA.

Further, Relator respectfully designates the entire record in this matter as well as this Honorable Court's 8/25/17 denial of Relator's Post-Conviction Relief Application as the record for Review.

Submitted this _____ day of _____ 2017

_____
Virgil Smith # 89717
Camp C. Jaguar 2-R #12
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

VIRGIL SMITH

FILED

DOCKET # 334349

DIVISION "F"

PARISH OF ST. TAMMANY

_____
DEPUTY CLERK

ORDER

After having reviewed Virgil Smith's Notice of Intent To Seek Supervisory Writ of Review and other facts of the case,

IT IS ORDERED BY THE COURT, that Relator file his Writ of Review with Clerk of the Louisiana First Circuit of Appeal on or before the _____ day of _____ 2017.

Done this _____ day of _____, 2017, in the 22nd Judicial District, Court, Covington, Louisiana.

_____
22nd JUDICIAL DISTRICT COURT
COURT JUDGE



*Melissa R. Henry*

**CLERK OF COURT**
22ⁿᵈ Judicial District Court
Parish of St. Tammany

November 20, 2018

Virgil Smith # 89717
Louisiana State Penitentiary
Camp C Jag 4/RC/9
General Delivery
Angola, LA 70712

Re:   *State of Louisiana*
      *v.*                case 334349
      *Virgil Smith*

Dear Mr. Smith:

I am in receipt of your correspondence dated November 13, 2018, which was received by the Clerk's office on November 2018, in which you request under La. R.S. 44:1 *et seq.:*

1.  Minutes of grand jury proceeding recorded pursuant to La. C.Cr.P. Art. 44.4(A)(B):
2.  Transcript of grand jury proceedings recorded pursuant to La. C.Cr.P. Art 44.4(A)(B):
3.  1 of 3/3.) "A True Bill of Indictment," pro forma, pertinent to State v. Virgil Smith supra, Doc. No. 334349 which was returned pursuant to La. C.Cr.P. Art. 44.4:
4.  "Transcript" of True Bill of Indictment evidencing that the indictment was returned in the open court.

In response to your request, I submit to you the following:

1.  There are no minutes of the grand jury proceeding filed into the Clerk of Court's records.
2.  There is no transcript of the grand jury proceedings filed in the Clerk of Court's records.
3.  The True Bill of Indictment can be supplied to you for a cost of $3.50, plus applicable postage for mailing.
4.  There is no transcript of True Bill of Indictment evidencing that the indictment was returned in open court filed in the Clerk of Court's records. There is, however, a minute entry of June 1, 2001, that can be purchased for a cost of $10.00, plus applicable postage for mailing.

The right to examine public records as set forth in La. R.S. 44:31 does not extend to an individual in custody after sentence following a felony conviction who has exhausted his

**Virgil Smith**
**November 20, 2018**
**Page 2**

appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post-conviction relief under Code of Criminal Procedure Article 930.3.

Therefore, the Clerk's office, as custodian of the record, cannot provide you with copies of any public records, unless you provide information that you are entitled to the public records to pursue post-conviction relief under Louisiana Code of Criminal Procedure, Article 930.3.

Sincerely,

Patricia B. Rodriguez
Director of Criminal Court Division

PBR



Thelma R. Henry
Clerk of Court
St. Tammany Parish
P.O. Box 1090
Covington, Louisiana 70434

707129999 0000

Virgil Smith # 8917
Louisiana State Penitentiary
Camp C Jag 4/RG/9
General Delivery
Angola, LA 70712

RECEIVED NOV 26 2018

U.S. POSTAGE >> PITNEY BOWES

70712-999